## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ARTURO VARGAS QUEJADA** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-0914** |
| | : | |
| **J.L. JAMISON, *et al.*** | : | |

## ORDER

This 17th day of February, 2026, upon consideration of Petitioner Carlos Arturo Vargas Quejada's Petition for Writ of Habeas Corpus, ECF 1, and following a hearing, it is hereby **ORDERED** that the Petition is **GRANTED**.[1]

It is further **ORDERED** that:

1. The Court finds that Mr. Vargas Quejada is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by other members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation: *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Talabadze v. Rose, et al.*, No. 26-cv-0360 (E.D. Pa. Jan. 30, 2026) (Perez, J.); *Seminario-Marcos v. Jamison, et al.*, No. 26-cv-0421 (E.D. Pa. Feb. 6, 2026) (Kearney, J.); *Vasquez Diaz v. Rose, et al.*, No. 26-cv-0342 (E.D. Pa. Feb. 10, 2026) (Gallagher, J.); *Pkhaladze v. Rose, et al.*, No. 26-cv-0509 (E.D. Pa. Feb. 10, 2026) (Leeson, J.).

[2] I have previously held that aliens detained well after their entry to the United States are not actively "seeking admission" under the meaning of 8 U.S.C. § 1225(b)(2). *See Jeireb v. Jamison, et al.*, 26-cv-0071 (E.D. Pa. Jan. 8, 2026). The Government seeks to distinguish this case, but I am unpersuaded because Petitioner was ordered released by an immigration judge who vacated the expedited removal order and returned the case to the Department of Homeland Security (DHS) to commence standard removal proceedings under 8 U.S.C. § 1229a. ECF 1 at 3-4; ECF 1-4, Order of the Immigration Judge, August 22, 2023. Removal proceedings were thereafter dismissed for failure to prosecute on the part of DHS. ECF 9-1. With that, the Government's justification for mandatory detention falls apart. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). The Government seeks to characterize this case as involving a revocation of parole, but given the dismissal of the removal proceedings, this situation is not easily characterized as one where Petitioner remains at liberty because of the grant of parole. And at this point, having been in the United States for more than two years, he would not be subject to expedited removal. 8 U.S.C. § 1225.

2.      The Government shall release Mr. Vargas Quejada from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 p.m. ET** on **February 18, 2026**.

3.      The Government is enjoined from re-detaining Mr. Vargas Quejada before his hearing on February 23, 2026.

4.      If the Government pursues re-detention of Mr. Vargas Quejada, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Vargas Quejada's removal proceedings.

5.      Nothing in this Order shall be construed to deprive Mr. Vargas Quejada of any legal rights or defenses he is entitled to assert at his upcoming hearing under Section 240 of the Immigration and Nationality Act.


　　　　　　　　　　　　　　　　 /s/ Gerald Austin McHugh
　　　　　　　　　　　　　　　　United States District Judge

2